UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER ANDERSEN, as parent and legal guardian of DOMINIC ANDERSEN, a minor

Plaintiffs,

v.

GREAT-WEST HEALTHCARE OF WASHINGTON, INC., a Washington Corporation, and GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, a foreign corporation,

Defendants.

No. C04-2547P

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

This matter comes before the Court on: (1) Defendants' motion for summary judgment; and (2) Defendants' request to strike the declarations of Ms. Tammy Susdorf, Dr. Scott McGuinness, and Ms. Jennifer Schouten. (Dkt. No. 24; Dkt. No. 34 at 3 n.3). Having received and reviewed Defendants' motion and all other documents submitted, the Court hereby finds and orders as follows:

(1) Defendants correctly note that Plaintiff's state-law claims are preempted by ERISA and that Plaintiff's complaint does not assert an ERISA claim. However, the Court does not agree that Plaintiff is judicially estopped from asserting an ERISA claim in this action. Therefore, the Court DENIES Defendants' motion for summary judgment and GRANTS Plaintiff leave to amend her complaint to state an ERISA claim within <u>twenty (20) days</u> of this Order. If Plaintiff fails to amend her complaint within this time period, the Court will dismiss this matter with prejudice sua sponte for failure to state a claim on which relief may be granted.

ORDER - 1

(2)     Even if Plaintiff's complaint stated a claim under ERISA, Defendants' motion for summary judgment would have to be denied because the entire administrative record supporting Defendants' benefits decision is not before the Court.

(3)     Because the Court does not rely upon the challenged declarations in issuing this order, the Court DENIES Defendants' request to strike as moot.

## BACKGROUND

Plaintiff Jennifer Andersen brings this action on behalf of her son Dominic Andersen. Dominic was born May 15, 2001, at only 24 weeks gestation. After spending the first six months of his life in intensive care, he was released to his mother in November, 2001. Once home, Dominic required around the clock skilled nursing care, the cost of which was covered by Defendants Great-West Healthcare of Washington, Inc. and Great-West Life Annuity Insurance Company (collectively "Great West") until January 12, 2004. (Compl. ¶¶ 10, 14). At that time, Great West determined that Dominic's care was no longer covered by the Plan. (Van Moppes Decl., Ex. B). The Plan provides that:

> [Home health] care must be such that it cannot be learned or performed by the average, non-medically trained person . . . . Care must be required for a medical condition which is expected to improve significantly in a reasonable period of time.

(Van Moppes Decl., Ex. A). Although Great West has offered some information regarding its decision making process, it has not provided the Court with all of the documents supporting its benefits decision. Missing documents include the "nursing notes for the week ending 12/23/03 and the Children's clinic visit of 12/30/03" as well as "the assessment by Acute Care, Inc." (See Id., Ex. B, D).

According to Plaintiff, she filed an immediate appeal to the denial of benefits. (Pl.'s Response at 3). Plaintiff alleges that after months of waiting and two letters from her attorney, Great West finally denied her appeal on June 15, 2004. Id. Great West claims that it never received any communication from Plaintiff between January 5, 2004 and June 8, 2004.

On July 9, 2004, Great West requested that an assessment of Dominic's situation be performed by Acute Care, Inc. (Pl.'s Response at 3). On July 14, 2004, Great West again denied Dominic's claim for home nursing care benefits based on clinical information received, including the results of the assessment. (Droke Decl., Ex. A at 1). Great West also reviewed home health nursing notes and concluded that the care provided to Dominic consisted of tasks that could be learned and performed by an average, non-medically trained person. (Def.'s Summ. J. Mot. at 4; Van Moppes Decl., Ex. C, D). Ms. Tammy Susdorf, RN, Dominic's Acute Care case manager, states in a declaration that, in her opinion, "Dominic required skilled nursing care as of the time of the assessment." (Susdorf Decl. ¶ 9). Great West has requested that the Court strike Ms. Susdorf's statement, arguing that it was not part of the administrative record at the time the Plan Administrator made its decision regarding Dominic's benefits.

Great West also concluded that Dominic's condition was "a chronic, ongoing condition which has stabilized, and is unlikely to improve in a reasonable period of time . . . ." (Droke Decl., Ex. A at 1). However, Scott McGuinness, MD, Dominic's primary care doctor at Acute Care, Inc., states in a declaration that "as he gets older, Dominic does continue to show signs of medical improvement, and is expected to continue to improve if provided the skilled care he requires." (McGuinness Decl. ¶ 3). Great West has requested that the Court strike Dr. McGuinness' declaration for the same reason it seeks to have Ms. Susdorf's declaration stricken.

On November 14, 2004, Plaintiff commenced this action in Whatcom County Superior Court alleging breach of contract and other state common law claims, as well as a violation Washington's Consumer Protection Act. In response to Great West's removal of the case to this Court, Plaintiff filed a motion to remand on January 14, 2005. (Dkt. No. 9). On February 28, 2005, this Court issued an order denying Plaintiff's motion to remand, finding that Plaintiff's claim is completely preempted by ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff has not sought to amend her complaint to state an ERISA claim. Great West now moves for summary judgment.

**ANALYSIS**

**A.     ERISA Preemption**

After Defendants removed this action from state court, this Court held that Plaintiff's state law claims are completely preempted by ERISA.  Complete preemption "recharacterizes" a complaint alleging state law claims into one arising under federal law to make removal jurisdiction proper.  Stewart v. U.S. Bancorp, 297 F.3d 953, 958 (9th Cir. 2002).  Even still, it remains Plaintiff's duty following removal to amend her complaint to assert a claim pursuant to ERISA.  Id. at 959.  Plaintiff has not done so in this case.

Great West argues that the doctrine of judicial estoppel bars Plaintiff from amending her complaint to assert an ERISA claim since she disclaimed "any cause of action arising under the Constitution, treaties, or other laws of the United States."  (Compl. ¶ 33).  The Court does not find this argument persuasive.  The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  A primary purpose of the doctrine of judicial estoppel is to avoid the perception that a court has been misled.  Id. at 750.  Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations.  Id. at 751.  Plaintiff has not been successful at any phase of this litigation.  Further, while asserting an ERISA claim now would cause the Plaintiff to take a position inconsistent with her earlier positions, Great West has not explained how it would suffer unfair detriment as a result of such a claim.  Thus, the Court finds that the doctrine of judicial estoppel does not bar Plaintiff from amending her complaint to state an ERISA claim at this point.

Therefore, the Court GRANTS Plaintiff leave to file an amended complaint that states a claim under ERISA.  However, if Plaintiff fails to amend her complaint within **twenty (20) days** of this Order, the Court will dismiss this case with prejudice sua sponte for failure to state a claim on which relief may be granted.  See Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001).

ORDER - 4

B.   **ERISA Claim**

Even if Plaintiff's complaint stated a claim under ERISA, the Court could not grant Great West's motion for summary judgment on the record before it. Great West argues that the decision regarding Plaintiff's home health benefits eligibility must be reviewed under an arbitrary and capricious standard. When reviewing a decision to deny benefits under the arbitrary and capricious standard, the Court must determine whether the decision was grounded on any reasonable basis. Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2004). To determine the reasonableness of such a decision on summary judgment, the Court must consider the entire record before the Plan Administrator when it made its decision. Gentile v. John Hancock Mut. Life Ins. Co., 951 F.Supp. 284, 287 (D. Mass. 1997) (insurer's motion for summary judgment denied in absence of the full administrative record); see also Dinote v. United of Omaha Life Ins. Co., 331 F.Supp.2d 34, 345 (E.D. Pa. 2004). Here, the full administrative record is not before the Court. Although Great West has submitted some documentation of its decision-making process, neither the nursing notes nor the official assessment conducted by Acute Care are before the Court. These are the documents Great West specifically identified as forming the basis of its decision. (Van Moppes Decl. Ex. C at 181, Ex. D at 153).

Further, the Court is not convinced that a deferential standard of review is appropriate here. On the record before the Court, it appears that Defendants may have served dual roles as both the funding source and the administrator of the Plan, which may create an inherent conflict of interest. (See Def.'s Mot. for Summ. J. at 3). See Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 (9th Cir. 1999). Plaintiff may present probative evidence beyond the mere fact of the apparent conflict to establish a rebuttable presumption that Defendants' decision was affected by a serious conflict of interest. Tremain v. Bell Industries, Inc., 196 F.3d 970, 977 (9th Cir. 1999) (Court may consider evidence outside the administrative record to determine the affect of administrator's conflict of interest). Should Great West fail to rebut that presumption, the proper standard of review would be de novo. Id.

**C.     Defendants' Request to Strike**

Great West requests that the declarations of Dr. Scott McGuinness, Ms. Tammy Susdorf, and Ms. Jennifer Schouten be stricken as irrelevant and prejudicial.  However, because the Court need not consider the challenged evidence in ruling on the pending motion, the Court DENIES Great West's request to strike as moot.

## CONCLUSION

The Court finds that Plaintiff is not judicially estopped from asserting an ERISA claim in this action.  Therefore, the Court DENIES Defendants' motion for summary judgment and GRANTS Plaintiff leave to amend her complaint to assert an ERISA claim.  If Plaintiff fails to amend her complaint within twenty (20) days of the date of this Order, the Court will dismiss her complaint with prejudice sua sponte for failure to state a claim on which relief may be granted.

Because the entire administrative record on which Great West's benefits decision was based is not before the Court, the Court cannot determine the reasonableness of Great West's benefit decision.  Therefore, even if Plaintiff's complaint stated an ERISA claim, summary judgment would not be appropriate.  Finally, since the Court need not consider the declarations of Dr. Scott McGuinness, Ms. Tammy Susdorf, and Ms. Jennifer Schouten in ruling on the pending motion, Great West's request to strike is DENIED as moot.

Dated:   December 20, 2005

                                        s/Marsha J. Pechman
                                        Marsha J. Pechman
                                        United States District Judge